**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| **IBRAHIM M. SHEIKH**<br>111 West Heath Street #512<br>Baltimore, Maryland 21230<br><br>   **Plaintiff,**<br><br>v.<br><br><br>**CREDIT BUREAU OF YORK, INC.**<br>33 S. Duke Street<br>York, PA 17401-1401<br><br>  Serve: **CSC-LAWYERS INCORPORATING<br>  SERVICE COMPANY**<br>  7 St. Paul Street, Suite 820<br>  Baltimore, Maryland 21202<br><br>   **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) **Case No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff, Ibrahim Sheikh ("Sheikh" or "Plaintiff"), by counsel, for his Complaint against Defendant Credit Bureau of York, Inc. ("CBY" or "Defendant"), states as follows:

1. This is a civil action seeking monetary damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the Maryland Consumer Debt Collection Act, Md. Code Ann., Comm. Law § 14-202, *et seq.* ("MCDCA"), and the Maryland Consumer Protection Act, Md. Code Ann., Comm. Law § 13-101, *et seq.* ("MCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. A substantial part of the events or omissions giving rise to these causes of action arose in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff, Ibrahim Sheikh is a natural person who resides in Baltimore, Maryland. Plaintiff is a "consumer" as defined under the FDCPA, FCRA, and MCPA as he is a natural person allegedly obligated to pay a debt and recipient of consumer realty and credit.

4. Defendant, CBY is a foreign limited liability company registered to do business in the state of Maryland, with its principal place of business in York, Pennsylvania. CBY regularly uses the mails and telephone in the business which the principal purpose of which is the collection of debts. CBY regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

5. At all relevant times CBY acted as a "debt collector" within the meaning of 15 U.S.C § 1692a(6), in that they held themselves out to be a company collecting a consumer debt allegedly owed by Plaintiff.

## FACTUAL ALLEGATIONS

6. The alleged debt at issue was purchased, assigned, or transferred to CBY for collection.

7. At all times pertinent hereto, CBY was acting by and through themselves and their employees, agents, and servants, who were acting within the scope of his or her employment.

8. On or about December 4, 2015, CBY mailed a collection letter to Plaintiff demanding payment of an alleged debt in the amount of $10,000.00 (the "December 4, 2015, Letter"). A copy of the December 4, 2015, Letter is attached hereto as <u>Exhibit A</u>.

9. Plaintiff received the December 4, 2015, letter on or after December 7, 2015.

10. The December 4, 2015, Letter states that CBY is attempting to collect a debt with respect to Plaintiff's alleged account with Bay Bridge Management LLC ("Bay Bridge").

11. On or about December 14, 2015, Plaintiff disputed the validity of the debt and sent a written verification request to CBY. Plaintiff explained in his December 14, 2015, correspondence to CBY that he disputed that any balance was owed to Bay Bridge. A copy of the December 14, 2015, Letter is attached hereto as <u>Exhibit B</u>.

12. On about January 8, 2016, CBY sent a letter (the "January 8, 2016, Letter") purporting to be a response to Plaintiff's request for verification. A copy of the January 8, 2016, Letter is attached hereto as <u>Exhibit C</u>.

13. CBY's January 8, 2016, Letter contained information materially different from the statements contained in its December 4, 2015, Letter, without any explanation of the basis for the differences. For example:

   a. The January 8, 2016, Letter, attaches a purported accounting of the debt which states that the balance on the account as of January 6, 2016, was $10,000, due to an alleged maintenance fee incurred on January 6, 2016. This accounting conflicts with the December 4, 2015, Letter, which states that the balance as of December 4, 2015, was $10,000, which was prior to this purported maintenance fee being assessed.

14. On or about March 10, 2016, Plaintiff sent a letter to CBY again disputing that any debt was owed to Bay Bridge and detailing the deficiencies in the amount claimed due and owing set forth in CBY's January 8, 2016, Letter, which included, *inter alia,* that the amount claimed due was incorrect and was not supported by the accounting provided by CBY. A copy of the March 10, 2016, Letter is attached hereto as Exhibit D.

15. After having received several written communications from Plaintiff disputing the debt, CBY began communicating credit information to the credit reporting agencies which it knew or should have known to be false.

16. CBY reported credit information to Experian, Equifax, and Transunion (collectively, the "CRAs") beginning on or about February of 2016, without including any indicia that the debt was disputed.

17. On or about March of 2016, Plaintiff obtained a copy of his credit reports from the CRAs and learned that all three CRAs were all improperly reporting information related to this purported account with Bay Bridge. In particular, Experian was erroneously reporting a balance due to "CBY Systems Inc." in the amount $10,000 with the notation of "[s]eriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department."

18. Similarly, Equifax was reporting a debt allegedly owed to Credit Bureau of York with a balance of $10,000, and TransUnion was reporting a debt allegedly owed to Bay Bridge with a balance of $10,000, with the notation "[c]ollection services."

19. After reviewing this information, Plaintiff made online disputes with each of the CRAs regarding the inaccuracies on his credit report. Soon thereafter, all three CRAs provided their reinvestigation results to Plaintiff's online disputes and none of the inaccuracies in Plaintiff's

credit file were corrected. Plaintiff subsequently submitted additional written disputes to the CRAs on July 5, 2016, and September 28, 2016.

20. CBY received numerous automated credit dispute verifications ("ACDVs"), and if it had conducted a reasonable investigation into the ACDVs, it would have instructed the CRAs to immediately delete the Bay Bridge account that it was inaccurately reporting on Plaintiff's credit report.

21. Only after Plaintiff's third dispute—which was almost 9 months after the inaccurate credit reporting began—was the erroneous information finally removed from Plaintiff's credit report.

22. The conduct of CBY has caused Plaintiff discernable harm including monetary loss, damage to Plaintiff's credit and credit worthiness, mental distress, emotional anguish, embarrassment, frustration, anxiety, and inconvenience.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692e(2)(A); 1692 e(8)

23. The foregoing allegations are incorporated into this Count as if re-alleged specifically.

24. CBY violated 15 U.S.C. § 1692e(2)(A) and § 1692e(8) when it communicated false, deceptive, and misleading information to the CRAs regarding the character and amount of the debt, when it communicated inaccurate information to the CRAs which it knew or should have known was false, and when it failed to provide information to the CRAs that the alleged debt was disputed when it has reason to know, based upon Plaintiff's correspondence, that the debt was in dispute.

25. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from CBY in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692e(2)(A); 1692e(10); 1692f

26. The foregoing allegations are incorporated into this Count as if re-alleged specifically.

27. CBY violated 15 U.S.C. § 1692e(2) and § 1692f by using unfair and unconscionable means in the attempt to collect the alleged debt and sending the December 4, 2015, and January 8, 2016, Letters which contained false representations regarding the amount of the debt. The December 4, 2015, Letter identifies the balance due on the alleged account as $10,000. This amount is contradicted by CBY's January 8, 2016, Letter which attaches an accounting that provides that $10,000 was not due as of December 4, 2015. The conflicting amounts set forth in the above-referenced letters are not only false but misleading and confusing and constitute violations of the FDCPA.

28. The false and deceptive conduct alleged herein was material because it had the tendency to mislead an unsophisticated consumer.

29. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from CBY in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k.

### COUNT III: VIOLATION OF THE MARYLAND CONSUMER
### DEBT COLLECTION ACT
### Md. Code Ann., Comm. Law § 14-202(3),(5), and (8)

30. The foregoing allegations are incorporated into this Count as if re-alleged specifically.

31. The alleged debt was incurred primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act ("MCDCA"). Md. Code Ann., Comm. Law § 14-201(b).

32. CBY violated the MCDCA by attempting to collect a debt that it had knowledge was erroneous. The false and deceptive conduct alleged herein was material because it had the tendency to mislead an unsophisticated consumer into believing that CBY had standing to collect the alleged debt and that the alleged debt of $10,000 was an accurate amount due and owing.

33. Plaintiff is entitled to recover damages pursuant to Md. Code. Ann., Comm. Law. § 14-203.

### COUNT IV: VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
**Md. Code Ann., Comm. Law § 13-101, *et seq.***

34. The foregoing allegations are incorporated into this Count as if re-alleged specifically.

35. The alleged debt was incurred primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Commercial Law § 13-101(c).

36. Under § 13-301(14)(iii) of the MCPA, unfair and deceptive trade practices include any violation of the MCDCA.

37. CBY violated § 13-301(14)(iii) of the MCPA by violating the MCDPA as alleged in Count III herein.

38. Plaintiff is entitled to recover damages pursuant to Md. Code. Ann., Comm. Law. § 14-203.

### COUNT V: VIOLATION OF THE FAIR CREDIT REPORTING ACT
**15 U.S.C. § 1681s-2(b)**

39. The foregoing allegations are incorporated into this Count as if re-alleged specifically.

40. CBY is a "furnisher" of information as defined under FCRA that regularly and in the ordinary course of business furnishes information to one or more CRAs about consumer transactions.

41. CBY both negligently and intentionally violated the FCRA by failing to conduct a reasonable reinvestigation with respect to the disputes that it received from Equifax, Experian, and TransUnion.

42. Instead of conducting a proper inquiry into Plaintiff's claim that the reporting was inaccurate, CBY ignored vital information provided by the CRAs that proved that the data CBY was relying upon to report the debt was unreliable, such as the accounting set forth in <u>Exhibit C</u>.

43. The violations by CBY were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, CBY was negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

## JURY DEMAND

44. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ibrahim M. Sheikh, respectfully requests that this Court enter judgment in his favor and against Defendant Credit Bureau of York, Inc. as follows:

    a. Actual and statutory damages as provided for by 15 U.S.C. § 1692(k) of the FDCPA;

    b. Actual damages as provided for by Md. Code. Ann., Comm. Law. § 13-408.

    c. Actual damages as provided for by Md. Code. Ann., Comm. Law. § 14-203.

    d. Actual and statutory damages as provided for by 15 U.S.C. § 1681n and 1681o.

    e. All reasonable attorneys' fees, court costs, and other litigation costs incurred by Plaintiff; and

    f. Any such other and further relief may be appropriate in the circumstances.

Dated: December 7, 2016

Respectfully submitted,

**IBRAHIM M. SHEIKH**

_____/s/_____
D. Margeaux Thomas, Esq.

D. Margeaux Thomas (Md. Bar No. 19533)
The Thomas Law Office PLC
8201 Greensboro Drive, Suite 300
Tysons Corner, VA 22102
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Plaintiff Ibrahim M. Sheikh*